**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VAUDENCIA CEBALLOS HAMILTON,

Defendant-Appellant.

No.    21-30046

D.C. No. 1:18-cr-00086-DCN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Vaudencia Ceballos Hamilton appeals pro se from the district court's order

denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As an initial matter, in a decision issued after the district court denied

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hamilton's motion, we held that "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). Because the record shows that Hamilton had not properly exhausted her administrative remedies prior to filing her compassionate release motion and the government raised a timely exhaustion objection in the district court, the district court erred by addressing Hamilton's motion on the merits. *See id.* at 1282-83. However, this error was harmless because the district court properly denied the motion under 18 U.S.C. § 3553(a). *See id.* at 1283. Contrary to Hamilton's argument, the record shows that the district court considered Hamilton's arguments, but concluded that the § 3553(a) factors as a whole weighed against release. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The district court did not abuse its discretion in denying Hamilton's motion in light of Hamilton's history and characteristics and the seriousness of the offense. *See Keller*, 2 F.4th at 1284.

**AFFIRMED.**