NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff-Appellee,<br><br>  v.<br><br>EDWARD JAMESON PURRY II,<br><br>          Defendant-Appellant. | Nos. 20-10190<br>        20-10341<br><br>D.C. No.<br>2:14-cr-00332-JAD-VCF-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

In these consolidated appeals, Edward Jameson Purry II appeals from the

district court's orders denying his motions for compassionate release under 18

U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291.

Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799

---

    \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2021), we affirm.

Purry challenges the district court's conclusions that he did not demonstrate extraordinary and compelling reasons for relief and that relief was unwarranted in light of the 18 U.S.C. § 3553(a) sentencing factors. We need not reach Purry's argument that his health conditions, likelihood of reinfection, and the conditions at his prison constituted extraordinary and compelling reasons to grant compassionate release because the district court also reasonably concluded that the § 3553(a) factors did not support relief. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (district court may deny a compassionate release motion solely on the basis of the § 3553(a) factors). The record demonstrates that the district court appropriately weighed the § 3553(a) factors and concluded that relief was not warranted in light of the seriousness and circumstances of Purry's offense, as well as his performance on pretrial release. Contrary to Purry's arguments, the court did not abuse its discretion by (1) failing to give greater weight to his limited criminal history and other mitigating factors, (2) weighing the likelihood of Purry's reinfection with COVID-19 against the other § 3553(a) factors, including the need to avoid sentencing disparities under § 3553(a)(6), or (3) misunderstanding the circumstances of Purry's pretrial release revocation.

Because we have decided this case without any consideration of Purry's vaccination status, we deny the government's motion for judicial notice and to

supplement the record, and we deny as moot Purry's motion to strike the portions of the answering brief discussing Purry's status.

**AFFIRMED.**