**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-30085 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00105-RSL-1 |
| v. | |
| DANIEL A. NIX, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Daniel A. Nix appeals pro se from the district court's order denying his

motion for reconsideration of its order denying as unexhausted Nix's motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Nix contends that the district court erred in treating his claim regarding his age and vulnerability to COVID-19 as unexhausted, and in finding that his partner's health crisis was not an extraordinary and compelling reason to grant compassionate release. The government counters that the district court should have treated both of Nix's claims as unexhausted and, in any event, did not err in denying Nix's motion on the merits. We need not address whether Nix properly exhausted both of his claims because, even if he did, the district court did not abuse its discretion in denying relief. *See United States v. Keller*, 2 F.4th 1278, 1281, 1283 (9th Cir. 2021) (stating standard of review and explaining that the district court's error in failing to dismiss for lack of exhaustion was harmless because the court denied the motion on other grounds). The court properly treated U.S.S.G. § 1B1.13 as persuasive but not binding. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Moreover, it did not abuse its discretion in concluding that the availability of other caretakers for Nix's partner undermined Nix's arguments for release, and that the 18 U.S.C. § 3553(a) factors did not support compassionate release.

**AFFIRMED.**

2                                                                                                   21-30085