NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> DERNEVAL RODNELL DIMMER, AKA Pedro Dimmer, AKA Jabba, AKA Big Cuz, <br><br> Defendant-Appellant. | Nos. 21-30101 <br> 21-30102 <br><br> D.C. Nos. 3:12-cr-00035-TMB-1 <br> 3:12-cr-00056-TMB-7 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted December 14, 2021[**]

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

In these consolidated appeals, Derneval Rodnell Dimmer appeals pro se

from the district court's order denying his motion for compassionate release under

18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291.

Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2021), we affirm.

Dimmer contends that remand is required because the district court erroneously treated U.S.S.G. § 1B1.13 as the applicable policy statement in violation of this court's decision in *Aruda*. We disagree. Although the district court cited § 1B1.13 in its discussion of the applicable legal framework, the record does not support Dimmer's claim that the district court limited its analysis of what could constitute an extraordinary and compelling reason to those factors listed in the Guideline. Instead, the record shows that the court considered the merits of each of Dimmer's reasons for compassionate release. Contrary to Dimmer's assertion, the district court did not abuse its discretion in concluding that none constituted an extraordinary and compelling reason for relief. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

Dimmer's remaining arguments are also unavailing. Having determined that Dimmer had failed to establish extraordinary and compelling reasons for release, the district court was not required to consider the 18 U.S.C. § 3553(a) factors, including Dimmer's arguments concerning his proposed release plan and rehabilitative efforts. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). Moreover, the district court properly considered the filings by the government and the probation office related to Dimmer's motion, including his

21-30101 & 21-30102

medical records, and did not err by failing to consider the medical records that Dimmer submitted after his motion was denied.

Dimmer's motion for sanctions is denied. Dimmer's motion for bond pending appeal, and to compel the government to provide him a copy of its answering brief, are denied as moot.

**AFFIRMED.**