NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 11 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10111 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:11-cr-00210-JAM-2 |
| | 2:11-cr-00210-JAM |
| NADIA KUZMENKO, AKA Nadia Reyes, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 9, 2022**
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,*** District Judge.

Nadia Kuzmenko was sentenced to 96 months' imprisonment in 2015 for wire

fraud. In March 2021, she moved for compassionate release under 18 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

§ 3582(c)(1)(A)(i). The district court denied the motion, concluding that Kuzmenko failed to establish extraordinary and compelling circumstances warranting relief, and, even if she had, reduction of her sentence was not appropriate under the sentencing factors in 18 U.S.C. § 3553(a). Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam), we affirm.

A district court may base its denial of a motion for compassionate release solely on the § 3553(a) factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). The district court did not abuse its discretion in doing so here. The court accurately noted that Kuzmenko had served only 14.5 months of a 96-month sentence and concluded that granting § 3582(c)(1)(A)(i) relief "at this point would undermine the 18 U.S.C. § 3553 sentencing factors by minimizing the original sentence's deterrent effect, failing to provide just punishment, and failing to promote respect for the law." Moreover, the same district judge presided over Kuzmenko's 5-week trial, and had sentenced Kuzmenko to a below-Guidelines term after carefully analyzing the § 3553(a) factors. *See United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021) (noting that a minimal explanation for denying a § 3582(c)(2) motion from the sentencing judge suffices in light of "the deference due to the judge's professional judgment and the context of a particular case").

**AFFIRMED.**