NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30050 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00182-MJP-1 |
| v. | |
| JOHN CHARLES KEINATH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted March 10, 2022**
Portland, Oregon

Before: GRABER, BEA, and M. SMITH, Circuit Judges.

Defendant John Keinath timely appeals the district court's denial of his

motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Reviewing for abuse

of discretion, United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021) (per

curiam), we vacate and remand for reconsideration.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

After the district court issued its original order, we held in <u>United States v. Aruda</u>, 993 F.3d 797 (9th Cir. 2021) (per curiam), that United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 is not binding when, as here, a defendant files a motion for release.  Accordingly, the district court erred by holding that U.S.S.G. § 1B1.13 "is binding on this Court."

We are not persuaded that the error was harmless.  The court cited the Guideline repeatedly in its analysis.  The court analyzed three circumstances of extraordinary and compelling reasons for release defined by the Guideline, suggesting that it thought it was bound by those categories.  And the court applied the Guideline's dangerousness requirement, which the statute lacks.  Because the district court has broad discretion, and because the court appears to have misunderstood that it was bound by the Guideline, we vacate the court's order and remand for reconsideration.

**VACATED and REMANDED.**