NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-50154 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00224-DOC-1 |
| v. | |
| DAVID MATTHEW READ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 9, 2022
Pasadena, California

Before:  BERZON, TALLMAN, and FRIEDLAND, Circuit Judges.

David Matthew Read appeals the district court's order denying her[1] motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Read pleaded guilty

to conspiracy to commit access device fraud, use of unauthorized access devices,

and aggravated identity theft.  She is serving a 70-month custodial sentence at

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Read is a transgender woman.  We refer to Read using the pronouns with which she identifies.

Federal Correctional Institution Phoenix. Read argues that extraordinary and compelling reasons warrant a reduced sentence because her HIV diagnosis puts her at severe risk from Covid-19 disease and the Bureau of Prisons cannot control the spread of the virus in FCI Phoenix. Additionally, Read asserts she demonstrated strong efforts towards rehabilitation. We have jurisdiction under 28 U.S.C. § 1291 to review the district court's order denying compassionate release. We affirm.

As a preliminary matter, we agree with Read and the government that the district court erred in treating as binding the policy statement contained in U.S.S.G. § 1B1.13 when it evaluated whether Read had demonstrated an "extraordinary and compelling reason[]" for her release under 18 U.S.C. § 3582(c)(1). Our recent decision in *United States v. Aruda* holds that § 1B1.13 is not an "applicable policy statement" that district courts must consider under 18 U.S.C. § 3582(c)(1)(A) for defendant-filed motions for compassionate release. 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). The district court erred in this respect, but it also ruled on an alternative ground by balancing the 18 U.S.C. § 3553(a) factors, consistent with the compassionate release statutory framework. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). This is a legally sufficient, independent basis to affirm the district court's order. *See Keller*, 2 F.4th at 1284 ("[A] district court that properly *denies* compassionate release need not evaluate each step [under § 3582(c)(1)(A)]."); *see also United States v.*

2

*Feingold*, 454 F.3d 1001, 1014 (9th Cir. 2006). We therefore hold that the *Aruda* error was harmless.

Contrary to Read's contentions, the district court acted well within its discretion and did not err in analyzing the § 3553(a) factors, even assuming she had demonstrated an extraordinary and compelling reason for a sentence modification.[2] The court discussed the compassionate release framework and correctly applied the law as it pertains to § 3553(a). The court expressed its concern with Read's behavior while incarcerated and the fact that she was not deterred from committing additional crimes after her prior 37-month federal sentence.[3] The district court explained that Read had violated the terms of her previous supervised release by continuing to commit crimes, including embezzling $7,300 from a local church and stealing donation checks from an animal rescue organization. Additionally, BOP continued to designate Read with a "high risk" recidivism level. And at the time of the district court's order, Read had served less

---

[2] Read did not raise and therefore forfeited any argument that the district court erred by not considering her medical condition as part of the § 3553(a) analysis. *See* Fed. R. App. P. 28(a)(8)(A); *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009).

[3] The record shows that Read's "continuous crime spree," as the district court termed it, included defrauding an elderly woman while on supervised release. Moreover, Read absconded from pretrial supervision and continued with the fraudulent scheme, using another victim's credit card to make nearly $30,000 in fraudulent purchases. While under indictment in the present case, Read also may have committed additional crimes.

than half of her 70-month sentence. Balanced against these factors, which the court determined not to be outweighed, the district court also considered Read's rehabilitation efforts, "acknowledg[ing] that [she] has committed herself to self-development and personal growth by taking courses and participating in a job fair program," and noted that Read had proposed a plan for her transition back into society.

In sum, the district court did not abuse its discretion in reaching the reasonable conclusion that the § 3553(a) factors weighed against Read's release. *See Keller*, 2 F.4th at 1284 (recognizing the deference we must give the district court when making these discretionary decisions); *cf. Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965–68 (2018); *United States v. Wilson*, 8 F.4th 970, 976–77 (9th Cir. 2021) (per curiam) ("[A] minimal explanation is adequate in light of the deference due to the judge's professional judgment and the context of a particular case.").

**AFFIRMED.**