**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10226 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00044-LRH-WGC-9 |
| v. | |
| MARTIN CISNEROS, AKA Moose, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 16, 2022**

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Martin Cisneros appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. "[W]e review § 3582(c)(1) sentence

reduction decisions for abuse of discretion," *United States v. Aruda*, 993 F.3d 797,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

799 (9th Cir. 2021), and we affirm.

Cisneros contends that the district court clearly erred in concluding on remand that it did not treat U.S.S.G. § 1B1.13 as binding in its initial order denying compassionate release. However, as this court previously explained, the district court's initial order was merely "unclear" as to whether it impermissibly relied on § 1B1.13. *United States v. Cisneros*, 851 F. App'x 785, 786 (9th Cir. 2021). Contrary to Cisneros's contentions, there is no objective evidence undermining the district court's conclusion that, in both its initial order and on remand, it did not treat § 1B1.13 as binding.

Cisneros next argues that the district court erred in concluding that his diabetes did not constitute an extraordinary and compelling reason for release. But given "the deference we must afford the district court when it makes these discretionary decisions, we cannot conclude that the district court abused its discretion with this finding." *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). The district court balanced Cisneros's diabetes against the treatment he was receiving and the conditions in his prison, permissibly concluding that there were no extraordinary and compelling reasons for release.[1]

---

[1] To the extent that Cisneros's briefs contain new factual allegations about COVID-19 transmission within his facility, we do not consider such facts on appeal. Cisneros remains free to raise such facts with the district court in any subsequent motion for compassionate release.

21-10226

Finally, Cisneros argues that the district court erred in concluding that the 18 U.S.C. § 3553(a) factors weighed against release and that he remained a danger to the public. However, the court properly grounded its decision in the nature and circumstances of Cisneros's offense and the need to reflect the seriousness of the offense and protect the public, *see* 18 U.S.C. § 3553(a)(1)-(2), and reasonably concluded that Cisneros, who was convicted of conspiring to traffic 17 pounds of methamphetamine and had served only about a quarter of his sentence for that offense, remained a danger to the public.

**AFFIRMED.**