NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10227 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00319-NONE-SKO-5 |
| v. | |
| JULIO CESAR BARRON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Julio Cesar Barron appeals pro se from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Barron contends that the district court abused its discretion in denying his motion because it did not address his argument concerning the heightened risk of contracting COVID-19 in prison, gave insufficient weight to his alleged symptoms of long COVID-19, erred in its assessment of how much time Barron had served on his sentence, placed too much weight on his vaccination status, and erred in concluding that the 18 U.S.C. § 3553(a) factors did not support his release. Barron's arguments are not supported by the record, which reflects that the district court carefully considered all of Barron's arguments, understood the nature of Barron's health conditions and the amount of time remaining on his sentence, and gave reasonable weight to Barron's vaccination status, the conditions at Barron's prison, and other relevant factors. On this record, the court did not abuse its discretion in concluding that Barron had not demonstrated extraordinary and compelling reasons for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Nor did the district court abuse its discretion in concluding that relief was not warranted under the § 3553(a) sentencing factors. *See Keller*, 2 F.4th at 1284.

    **AFFIRMED.**