NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RACHEL RUVALCABA-MORALES, AKA
Rachel Morales, AKA Rachel Ruvalcaba,

Defendant-Appellant.

No. 21-50153

D.C. No. 3:13-cr-04514-BEN-9

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 11, 2022[**]

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Rachel Ruvalcaba-Morales appeals from the district court's order denying

her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ruvalcaba-Morales first contends that, notwithstanding the district court's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

express statement that U.S.S.G. § 1B1.13 was not binding as applied to her motion, the district court treated § 1B1.13's dangerousness requirement as dispositive. This claim is belied by the record, which shows that the district court understood the weight to be given § 1B1.13, and properly relied on 18 U.S.C. § 3553(a)(2)(C) in assessing Ruvalcaba-Morales's motion. *See* 18 U.S.C. § 3582(c)(1)(A) (providing that district court should consider the applicable § 3553(a) factors when evaluating a request for compassionate release); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (explaining that, although § 1B1.13 is not binding as applied to a compassionate release motion brought by a prisoner, it may inform a district court's discretion).

Ruvalcaba-Morales next contends that the district court legally erred by failing to acknowledge her transformation in the years following her conviction, and by treating her criminal history as a categorical bar to relief notwithstanding her "dramatic" rehabilitation. Although Ruvalcaba-Morales is correct that the court did not specifically describe the arguments made in her motion, the record shows that the court was aware of them. Its order makes clear that it simply found them insufficient to warrant relief, given the facts of Ruvalcaba-Morales's offense and criminal history, with which it was familiar from having sentenced Ruvalcaba-Morales initially. On this record, we conclude that the court's explanation was legally sufficient, *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966-68

(2018), and adequately individualized to the facts of Ruvalcaba-Morales's case. Finally, while Ruvalcaba-Morales's rehabilitative efforts are commendable, we cannot say that the district court abused its discretion in giving greater weight to other factors given "the deference we must afford the district court when it makes these discretionary decisions." *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**AFFIRMED.**

21-50153