NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10325 |
| Plaintiff-Appellee, | D.C. No. 1:91-cr-00118-DAE-1 |
| v. | |
| JOHNNIE T. WARREN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David Alan Ezra, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Johnnie T. Warren appeals pro se from the district court's orders denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and motion

for reconsideration.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing for

abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021),

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

Warren contends that the district court abused its discretion in denying his motion because it failed to make an individualized determination as to whether his health conditions constituted extraordinary and compelling reasons for release and it overestimated the protection the COVID-19 vaccine offers him. The record does not support these claims. The court acknowledged Warren's specific health issues and concerns about the pandemic and "carefully considered Defendant's arguments as well as the evidence he included in support of his compassionate release [motion]" before finding that Warren had not shown extraordinary and compelling reasons for compassionate release. Given Warren's vaccination status and the totality of the circumstances, as well as "the deference we must afford the district court when it makes these discretionary decisions, we cannot conclude that the district court abused its discretion with this finding." *Keller*, 2 F.4th 1284; *see also United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

We need not consider Warren's remaining arguments concerning the district court's finding that his release would pose a danger to the community because, as the district court explained in denying Warren's motion for reconsideration, it could have denied Warren's motion without any consideration of dangerousness.

*See Keller*, 2 F.4th at 1284 (district court may deny compassionate release motion for lack of extraordinary and compelling reasons alone).

**AFFIRMED.**