**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. DANIEL EUGENE KELLER, *Defendant-Appellant.* | Nos. 20-50247 21-50035 D.C. Nos. 2:15-cr-00366-RGK-1 2:15-cr-00366-RGK OPINION |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted May 7, 2021[*]
Pasadena, California

Filed July 1, 2021

Before: Kim McLane Wardlaw, Ronald M. Gould, and
John B. Owens, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel affirmed the district court's denial of both of Daniel Eugene Keller's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), without prejudice to filing a new motion in the district court after exhausting his administrative remedies with the Bureau of Prisons.

After Keller exhausted his statutorily prescribed administrative remedies with the BOP, the district court denied his first motion for compassionate release without prejudice on the merits. Several months later, Keller filed a second motion for compassionate release without exhausting his administrative remedies with the BOP before seeking relief in the district court. The district court's order did not address the government's objection regarding exhaustion, but again denied the motion on the merits.

The panel held that the administrative exhaustion requirement articulated in § 3582(c)(1)(A)(i) is a mandatory claim-processing rule that a district court must enforce when properly invoked. The panel held that because the government properly objected to Keller's failure to exhaust his administrative remedies before filing the second motion, the district court erred by overlooking the government's exhaustion objection and addressing the motion on the merits. The panel wrote that this error was harmless because the district court denied the motion on other grounds. The

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

panel rejected Keller's arguments that he did in fact satisfy the administrative exhaustion requirement.

As to the first motion, which was filed after Keller properly exhausted his administrative remedies, the panel held that the district court did not abuse its discretion in finding that the sentencing factors enumerated in 18 U.S.C. § 3553(a) weighed against Keller's release. The panel disagreed with Keller's argument that the district court erred by not making an explicit "extraordinary and compelling" finding before denying the motion on an account of the § 3553(a) factors. The panel explained that although a district court must perform that sequential step-by-step analysis before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.

**COUNSEL**

Cuauhtemoc Ortega, Federal Public Defender; James H. Locklin, Deputy Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California; for Defendant-Appellant.

Tracy L. Wilkison, Acting United States Attorney; Bram M. Alden, Acting Chief, Criminal Appeals Section; Adam P. Schleifer, Assistant United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

Since the start of the COVID-19 pandemic, Daniel Eugene Keller has twice sought compassionate release from the district court under 18 U.S.C. § 3582(c)(1)(A). Both attempts proved unsuccessful. After Keller exhausted his statutorily prescribed administrative remedies with the Bureau of Prisons ("BOP"), the district court denied his first motion for compassionate release without prejudice on the merits. Several months later, Keller filed a second motion for compassionate release. This time, however, Keller did not exhaust his administrative remedies with the BOP before seeking relief in federal court. The district court's order did not address the government's objection regarding exhaustion, but again denied Keller's motion on its merits.

Joining five circuits, we take this opportunity to clarify that a district court must enforce the administrative exhaustion requirement articulated in 18 U.S.C. § 3582(c)(1)(A) when the government properly invokes the requirement.

**I.**

In 2015, Keller pled guilty to possession with intent to distribute at least 50 grams of methamphetamine and to being a felon in possession of a firearm in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 922(g)(1), respectively. The district court sentenced Keller to 173 months' imprisonment followed by eight years' supervised release. On the government's motion, Keller's incarceratory sentence was subsequently reduced to 137 months.

When COVID-19 engulfed the nation's prison system in 2020, Keller filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] The government conceded that Keller had exhausted his administrative remedies with the BOP, as required under § 3582(c)(1)(A), and addressed Keller's motion on its merits. The district court denied the motion in a one-page order on September 4, 2020 ("September Order"), concluding that the sentencing factors enumerated in 18 U.S.C. § 3553(a) "weigh[ed] against compassionate release." Keller timely appealed.

On January 7, 2021, while Keller's first appeal was pending before us, he filed a second administrative request for a sentence reduction with the warden of his facility. But Keller did not wait for a response. Instead, after just eight days, Keller filed a "Renewed Motion for Compassionate Release" with the district court. In opposition, the government objected to Keller's failure to comply with § 3582(c)(1)(A)'s requirement that he exhaust his administrative remedies with the BOP *before* seeking relief in the district court. Meanwhile, on January 19, the warden denied Keller's second administrative request.

Without addressing the government's objection, the district court denied the renewed motion on February 12, 2021 ("February Order"). Keller again timely appealed. We granted Keller's unopposed motion to consolidate both pending appeals and allowed supplemental briefing.

---

[1] Keller filed several pro se administrative requests for compassionate release with the BOP. On July 21, 2020, Keller's counsel submitted a formal request for compassionate release to the warden of his facility.

## II.

"[W]e review § 3582(c)(1) sentence reduction decisions for abuse of discretion." *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013)).

## III.

## A.

Congress has confirmed that a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But this general rule is subject to several exceptions, one of which provides courts the discretion to grant a prisoner compassionate release when certain conditions are met. *See id.* § 3582(c)(1)(A). For the statute's first 30 years, "only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction." *Aruda*, 993 F.3d at 799. But the First Step Act of 2018 broadened this exception to allow a defendant to seek a reduction directly from the court, *provided that* "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018) (emphasis added).

In other words, a court may not consider a motion brought under § 3582(c)(1)(A) unless (1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and

either (a) the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf," or (b) 30 days have elapsed since the "warden of the [inmate]'s facility" received a compassionate-release request from the inmate. 18 U.S.C. § 3582(c)(1)(A).

Just as district courts split over whether the current version of the U.S. Sentencing Guidelines Manual § 1B1.13 provided an "applicable policy statement," *see Aruda*, 993 F.3d at 801, a similar debate has ensued over whether the statute's administrative exhaustion requirement creates a jurisdictional bar or instead imposes a mandatory claim-processing rule, *see, e.g.*, *United States v. Watkins*, No. 14-CR-00556-JD-1, 2020 WL 4702151, at *2–3 (N.D. Cal. Aug. 13, 2020). And, as the Supreme Court recently stressed, these procedural roadblocks behave quite differently. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019). "[C]hallenges to subject-matter jurisdiction may be raised by [a party] 'at any point in the litigation,' and courts must consider them *sua sponte*." *Id.* (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). Claim-processing rules, on the other hand, "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id.* (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). Thus, a "claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it," but the objection "may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Id.* (quoting *Eberhart v. United States*, 546 U.S. 12, 15, 19 (2005) (per curiam)).

The government now concedes that the failure to satisfy § 3582(c)(1)(A)'s administrative exhaustion requirement

does not deprive us of subject-matter jurisdiction, the same conclusion reached by every circuit court to have addressed the question.  *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020); *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).    The government nonetheless maintains that a district court may not, as it did here, excuse a defendant's failure to satisfy that requirement over the government's timely objection.  We agree.

Joining the unanimous consensus of our sister circuits, we hold that § 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked.  *See Alam*, 960 F.3d at 833–34; *Franco*, 973 F.3d at 468; *Harris*, 989 F.3d at 911; *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Johnson*, No. 20-6103, 2021 WL 1053706, at *2 (10th Cir. Mar. 19, 2021); *United States v. Fuentes*, 834 F. App'x 414, 415 (9th Cir. 2021) ("A court may not excuse a defendant's failure to comply with a statutory exhaustion requirement.").

Interpreting § 3582(c)(1)(A) in this manner makes sense for several reasons.  First, the statutory command is clear:  a "court *may not* modify a term of imprisonment" unless the defendant has fully complied with the exhaustion requirement.    18  U.S.C.  § 3582(c)  (emphasis  added). Indeed, "[t]his is the language of 'a paradigmatic mandatory claim-processing rule.'"  *Sanford*, 986 F.3d at 782 (quoting *Franco*, 973 F.3d at 468).  Second, the requirement promotes good policy.  For example, during a global pandemic, it allows the government to "implement an orderly system for reviewing compassionate-release applications," rather than one "that incentivizes line jumping."  *Alam*, 960 F.3d at 834.

This system, in turn, "ensures that the prison administrators can prioritize the most urgent claims." *Id.* at 835.

We therefore hold that § 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government.

## B.

Although the district court "passed over the exhaustion question in favor of a ruling on the merits, a remand for exhaustion factfinding is unnecessary because the facts are not in dispute." *Sanford*, 986 F.3d at 782. Rather than wait the required 30 days from the filing of his request, Keller filed his renewed motion in federal court just eight days after the warden's receipt of his request. Keller also did not "fully exhaust[] all administrative rights to appeal" the BOP's failure to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). Because the government properly objected to Keller's failure to exhaust his administrative remedies, the district court erred by overlooking the government's objection and addressing Keller's motion on its merits. Nonetheless, this error was harmless because the district court denied Keller's motion on other grounds.

Keller's arguments that he did in fact satisfy the administrative exhaustion requirement are unavailing. First, Keller asserts that he fully exhausted his administrative remedies for his second motion because 30 days had passed since he lodged his first administrative request with the warden in July 2020. But the July 2020 request served as the predicate for Keller's first motion in the district court, which was denied in September 2020, and could not have initiated the administrative process for his January 2021 motion, which was itself premised on Keller's claim of changed circumstances. Moreover, Keller's own conduct—

namely, filing a second administrative request with the warden in January 2021 before turning to the district court—undermines this argument.

Next, Keller argues that he satisfied the exhaustion requirement because 30 days elapsed between his second request to the warden and the district court's denial of his second motion in January 2021. But this argument ignores the statutory text and the important policy goals that we discussed (and endorsed) above. The statute plainly states that the "court may not modify a term of imprisonment . . . except . . . , upon the motion of the defendant *after*" the defendant has fully exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Keller attempts to construe "after" as relating to the entry of the district court's order rather than the filing of the defendant's motion. But such an interpretation would contravene the useful purposes behind claim-processing rules, which "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times," *Henderson*, 562 U.S. at 435, and not to control the speed of judicial adjudication. As described above, such procedural rules allow the executive branch to carefully evaluate a claim in the first instance and possibly obviate the need for litigation *before* it begins. *See Franco*, 973 F.3d at 468 ("Congress used clear language: all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts.").[2]

---

[2] Because we affirm the February Order on the ground that Keller failed to exhaust his administrative remedies before filing a motion with the district court, we need not address either party's arguments regarding whether extraordinary and compelling reasons exist for release. Accordingly, we deny as moot the government's motion for judicial notice and the motion to file certain medical records under seal.

## C.

We now turn to the appeal of the September Order, in which the parties agree that Keller properly exhausted his administrative remedies.  For a § 3582(c)(1)(A)(i) motion filed by a defendant, courts currently consider (1) whether "extraordinary and compelling reasons warrant such a reduction"; and (2) "the factors set forth in section 3553(a) to the extent that they are applicable."    18 U.S.C. § 3582(c)(1)(A)(i); *see also Aruda*, 993 F.3d at 801–02.

In its September Order, the district court explained that the sentencing factors enumerated in 18 U.S.C. § 3553(a) weighed against Keller's release.    Specifically, when determining whether Keller "remain[ed] a danger to the safety of any other person or to the community," the district court observed that Keller had committed "multiple federal crimes" that involved "drug trafficking and possession of firearms," and rejected Keller's assertion that his ailments would preclude him from committing such crimes because they "d[id] not require a great amount of mobility."  The court further noted that Keller had "55 months remaining" on a "lengthy 137-month sentence."

Given Keller's extensive criminal history, as well as the deference we must afford the district court when it makes these discretionary decisions, we cannot conclude that the district court abused its discretion with this finding.  Keller nonetheless  contends  that  motions  brought  under § 3582(c)(1)(A)(i) require courts to perform a sequential step-by-step analysis and argues that the district court erred by not making an explicit "extraordinary and compelling" finding *before* denying the motion on account of the § 3553(a) factors.  We disagree.  As the government correctly argues, although a district court must perform this sequential inquiry before it *grants* compassionate release, a

district court that properly *denies* compassionate release need not evaluate each step.  Indeed, the Sixth Circuit implicitly endorsed this approach when it "assumed for the sake of argument that extraordinary and compelling reasons existed," but then proceeded to deny the defendant's motion because it found that an evaluation of the § 3553(a) factors precluded relief.  *United States v. Jones*, 980 F.3d 1098, 1108, 1111–15 (6th Cir. 2020); *see also id.* at 1116 (Cook, J., concurring) ("No feature of § 3582(c)(1)(A) precludes a court from tackling the § 3553(a) factors first.").

## IV.

For these reasons, we **AFFIRM** the district court's denial of both of Keller's motions for compassionate release, without prejudice.  Keller remains free to file a new motion in the district court after exhausting his administrative remedies with the BOP.