**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50322 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00169-CJC-1 |
| v. | |
| BRYAN CHRISTOPHER LARSEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

Bryan Larsen appeals pro se the district court's denial of his motion for a

reduction of sentence/compassionate release pursuant to 18 U.S.C. § 3582(c)(1).

The parties are familiar with the facts so we do not repeat them here. We have

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review § 3582(c)(1) sentence reduction decisions for abuse of discretion. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam).

The district court did not commit legal error in assuming without deciding that there were "extraordinary and compelling reasons" warranting a reduction in Larsen's sentence and going on to "consider[] the factors set forth in section 3553(a)." 18 U.SC. § 3582(c)(1)(A)(i); *see Keller*, 2 F.4th at 1284 (holding that "although a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step").

Neither did the district court abuse its discretion in concluding that the Section 3553(a) factors weighed against a reduced sentence despite the COVID pandemic and Larsen's medical conditions. The district court explained that Larsen's crimes were very serious and troubling as he "robbed three different banks," "us[ed] a double-barreled shotgun . . . and what appeared to be a handgun," "put numerous lives in danger," and "terrified [bank] employees and traumatized them for the rest of their lives." *See* 18 U.S.C. § 3553(a) (providing that factors to be considered include "the nature and circumstances of the offense and the history and characteristics of the defendant"). The district court also noted that releasing Larsen after he had only served a third of his sentence would not

advance the goals set forth in 18 U.S.C. § 3553(a) because early release would not reflect the seriousness of Larsen's crimes, deter him and other from committing armed robberies or similar crimes of violence, protect the public, or avoid sentencing disparities with others who have been sentenced for similar crimes. *See Keller*, 2 F.4th at 1284 (affirming a denial of compassionate release where the movant remained a danger to others, committed multiple federal crimes, and had served less than half of his sentence).

**AFFIRMED**.