**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30105 |
| Plaintiff-Appellee, | D.C. No. 6:17-cr-00007-SEH-1 |
| v. | |
| JEFF ALLEN TRASK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Jeff Allen Trask appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court denied Trask's motion because it agreed with the

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

government that Trask had failed to exhaust his administrative remedies before filing the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (a defendant may not file a compassionate release motion in the district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Trask does not dispute that he failed to exhaust his administrative remedies, but asserts that the district court should have excused his failure for equitable reasons. Trask's argument is foreclosed. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (district court may not excuse a defendant's failure to exhaust if the government has raised a timely exhaustion objection because "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government").

Insofar as Trask contends that the district court erred by denying his motion for bail pending appeal, his argument is now moot.

**AFFIRMED.**

20-30105