**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 20-10365 |
| | 20-10370 |
| Plaintiff-Appellee, | |
| | D.C. Nos. 2:99-cr-00401-JAM-2 |
| v. | 2:12-cr-00369-JAM-1 |
| EDWIN WILLIAM BALERO, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 14, 2021**

Before:      PAEZ, NGUYEN, and OWENS, Circuit Judges.

In these consolidated appeals, Edwin William Balero appeals pro se from the

district court's order denying his motion for compassionate release under 18

U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291, and we

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  We have considered all of
Balero's filings on appeal, including the letter submitted in lieu of his opening
brief and his reply brief.

affirm.

Balero contends that he is entitled to compassionate release because his medical conditions and the conditions at his facility subject him to a greater risk of severe illness from COVID-19 and because he is unlikely to reoffend.[1] The district court did not abuse its discretion. *See United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). The record reflects that the court considered Balero's medical conditions and arguments for release, but reasonably determined that release was unwarranted in light of the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and the need for deterrence and to protect the public. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C). Moreover, the court did not rely on any clearly erroneous facts. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record."). Because the district court's § 3553(a) analysis provides an adequate basis to affirm, we need not address Balero's argument that his medical conditions qualify as extraordinary and compelling reasons for release. *See Keller*, 2 F.4th at 1284.

**AFFIRMED.**

---

[1] On appeal, Balero presents new information regarding more recent conditions at his facility. We have confined our review to the record before the district court. *See Rudin v. Myles*, 781 F.3d 1043, 1057 n.18 (9th Cir. 2014). However, even if we were to consider the new information presented on appeal, it would not alter our decision.