**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10102 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00219-DKW-1 |
| v. | |
| CHARLES H. FOSTER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Charles H. Foster appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Foster contends that the district court failed to conduct a "holistic inquiry"

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

when evaluating his compassionate release motion and that it gave insufficient weight to his arguments for release. However, we have explained that compassionate release motions involve "a sequential step-by-step analysis" and a court denying relief may rely on either an insufficient showing of extraordinary and compelling reasons *or* the 18 U.S.C. § 3553(a) factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). Here, the district court acknowledged Foster's arguments, but nevertheless determined that they did not support a sentence reduction of over 200 months in light of the § 3553(a) factors, including the seriousness of the offense, and the need for deterrence and protection of the public. This conclusion was not an abuse of discretion. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record). Accordingly, we do not reach Foster's argument that the district court erred in its analysis of whether Foster had shown extraordinary and compelling reasons for relief. *See Keller*, 2 F.4th at 1284.

The motion for judicial notice is denied.

**AFFIRMED.**