NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30130 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00228-JLR-1 |
| v. | |
| ABU KHALID ABDUL-LATIF, AKA Joseph Anthony Davis, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 14, 2021**

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Abu Khalid Abdul-Latif appeals from the district court's order denying his

renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Abdul-Latif contends that the district court erred by conflating the two

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

distinct inquires required by § 3582(c)(1)(A)—whether there are extraordinary and compelling circumstances supporting compassionate release and whether the 18 U.S.C. § 3553(a) factors support release—into a single invented "totality of extraordinary and compelling reasons" standard. Abdul-Latif acknowledges that a district court need not conduct both inquiries if it finds the defendant's motion deficient as to one, *see United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021), but he argues that the court may not combine the two inquiries. Assuming Abdul-Latif is correct, we disagree that the district court did so here. Although the court grouped together in a single list all of the factors it had considered, it is evident which factors were relevant to the extraordinary and compelling reasons prong and which related to the § 3553(a) factors. Moreover, the record makes clear that the court considered all of the relevant aggravating and mitigating circumstances and found both that extraordinary and compelling circumstances were lacking and that the § 3553(a) factors did not support relief. Contrary to Abdul-Latif's argument, the court's explanation is sufficient to permit meaningful appellate review, *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-67 (2018), and it did not abuse its discretion in denying the motion, *see Keller*, 2 F.4th at 1281.

    **AFFIRMED.**