NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY RICKS, Jr., AKA Ace,

Defendant-Appellant.

No.    21-10278

D.C. No. 1:15-cr-00132-SOM-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Bobby Ricks, Jr., appeals from the district court's order denying his second

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *see United

States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ricks contends that the district court abused its discretion by placing "inordinate weight" on his failure to get vaccinated against COVID-19 vaccine and allowing that consideration to outweigh all other factors.  The record does not support Ricks's argument.  Although the court treated Ricks's failure to request the vaccine as a reason weighing against relief, it also denied relief because the risk to Ricks from COVID-19 was mitigated by his age of 48, the fact that he did not have a severe case of COVID-19 when he previously contracted it, and the high rate of vaccination and low rate of COVID-19 in Ricks's prison.  The court additionally considered that Ricks had served just 38% of his sentence at the time he filed his motion.  On this record, we cannot say that the court placed improper weight on Ricks's vaccination status.  That some district courts may treat vaccination status as a neutral factor does not mean, as Ricks argues, that the court's treatment of that factor here was unreasonable.  *See id.* at 1284 (highlighting "the deference we must afford the district court when it makes these discretionary [compassionate release] decisions").

**AFFIRMED**.

21-10278