NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSHUA CLAY JOHNSON,

Defendant-Appellant.

No. 21-30076

D.C. No. 3:11-cr-00023-RRB-4

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted March 16, 2022**

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Joshua Clay Johnson appeals pro se from the district court's order denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We

have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see*

*United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Johnson contends that the district court did not give sufficient consideration to his arguments for release and the totality of the circumstances, and clearly erred in concluding that he was receiving adequate medical care in prison, that he was equally vulnerable to COVID-19 outside of custody, and that his release would pose a danger to the public. But, the court acknowledged Johnson's arguments and its factual findings had support in the record. The court did not abuse its discretion in concluding that (1) Johnson had failed to show extraordinary and compelling circumstances warranting compassionate release, and (2) the 18 U.S.C. § 3553(a) factors did not support release in light of Johnson's significant criminal history and the many disciplinary infractions he has incurred while incarcerated. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**