**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30208 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-00170-MO-1 |
| v. |  |
| JAMES ALBERT JACKSON, | MEMORANDUM* |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 11, 2022**

Before:   McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

James Albert Jackson appeals pro se from the district court's orders denying his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) following this court's remand.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jackson asserts that the district court erred in denying his motion because it failed to consider his medical conditions cumulatively and the risk that remains to him from COVID-19 even after receiving the vaccine, and did not adequately address the 18 U.S.C. § 3553(a) factors that are favorable to him or his arguments for release. The record reflects, however, that the district court considered Jackson's circumstances and arguments. Moreover, it sufficiently explained its decision to deny relief. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-67 (2018). The court acknowledged Jackson's alleged medical conditions, but did not abuse its discretion by concluding that they did not constitute extraordinary and compelling reasons for compassionate release in light of the other facts in the record. *See United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (stating standard of review). Moreover, the court reasonably concluded that Jackson's "history of committing serious violent crimes" precluded relief under § 3553(a). *See id.* at 1284.

Jackson's motion for appointment of counsel is denied.

**AFFIRMED.**