**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30211 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00062-SLG-1 |
| v. | |
| RICO P. GILLESPIE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted June 8, 2022
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Rico Gillespie appeals the district court's denial of his motion for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam), we affirm.

1.  The district court did not abuse its discretion in concluding that Gillespie

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

had not demonstrated "extraordinary and compelling reasons" for his release based on changes to his conditions of confinement resulting from his prison's efforts to control the spread of COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *Keller*, 2 F.4th at 1284. Although Gillespie argues that the district court relied too heavily on the widespread nature of changes in prison practices attributable to COVID-19, Gillespie has not demonstrated that the court abused its discretion in concluding that the conditions he experienced—such as lockdowns, disruptions in medical care, and lack of prison programming and services—do not constitute "extraordinary and compelling reasons" justifying his early release. Nor does Gillespie claim any particular medical vulnerability to COVID-19. Because Gillespie did not demonstrate extraordinary and compelling reasons for release, the district court was not required to conduct a separate analysis of the sentencing factors in 18 U.S.C. § 3553(a). *Keller*, 2 F.4th at 1284.

2. The district court did not abuse its discretion in not more specifically analyzing Gillespie's alleged rehabilitation in prison. The district court specifically acknowledged Gillespie's assertion that his "attempt to get his life on the right track constitutes an extraordinary and compelling reason to reduce [his] sentence." Gillespie has not identified authority requiring more detailed evaluation under the circumstances of this case. Nor has Gillespie provided a basis to conclude that the district court failed to consider Gillespie's arguments in denying relief.

**AFFIRMED.**