**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10007 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00305-KJD-VCF-1 |
| v. | |
| KAREEN ANDERSON, AKA Webb, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Kareen Anderson appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see United*

*States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Anderson contends that the district court erred in concluding that his medical conditions and family circumstances did not constitute extraordinary and compelling reasons for relief. The district court observed that (1) many of Anderson's self-diagnoses were not supported by the provided medical record; (2) although there were a few positive cases in Anderson's prison, a high percentage of the inmates in his prison were vaccinated against COVID-19; and (3) the court had been aware of Anderson's challenging family situation at the time of sentencing. On this record, the district court did not abuse its discretion in concluding that Anderson's medical status, even when viewed in conjunction with his family circumstances, did not constitute an extraordinary and compelling reason justifying compassionate release. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

The record does not support Anderson's claim that the district court effectively required Anderson to disobey his religious beliefs in exchange for compassionate release. Rather, the court merely explained that, although Anderson was entitled to refuse the vaccine, it would not treat his unvaccinated status as favoring compassionate release.

**AFFIRMED.**