**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TOMAS ALVARADO, AKA Thomas
Alvarado,

Defendant-Appellant.

No. 21-30238

D.C. No. 1:13-cr-00026-SPW-2

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted July 12, 2022**

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Tomas Alvarado appeals from the district court's order denying his second

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see United*

*States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Alvarado contends that the district court abused its discretion in denying his motion because it failed to explain adequately why his age, medical conditions, good custodial record, and the COVID-19 pandemic did not constitute extraordinary and compelling reasons, and failed to account for the evolving view of the seriousness of drug offenses, as reflected in Amendment 782 to the Guidelines. These arguments are unavailing. The court's discussion of why Alvarado's arguments did not establish extraordinary and compelling reasons is more than sufficient to permit meaningful appellate review. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Moreover, the court did not err by failing to address Amendment 782, which Alvarado never raised before that court. As to the arguments Alvarado did raise regarding changes in sentencing law, the court considered them and explained why they were unpersuasive. The court did not abuse its discretion in concluding that Alvarado had failed to demonstrate an extraordinary and compelling reason to reduce his sentence and that the § 3553(a) factors did not support release. *See Keller*, 2 F.4th at 1283-84.

**AFFIRMED.**