NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30242 |
| Plaintiff-Appellee, | D.C. No. 1:10-cr-00098-SPW-1 |
| v. | |
| BERT TRAVIS LITTLE OWL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 17, 2022[**]

Before: S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Bert Travis Little Owl appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United*

*States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Little Owl contends that the district court abused its discretion by denying his motion because his medical conditions, as compounded by the threat of COVID-19, and the 18 U.S.C. § 3553(a) factors weigh in favor of release. Even if the district court abused its discretion in concluding that Little Owl's end-stage renal disease and other serious medical conditions did not rise to the level of extraordinary and compelling circumstances, the error was harmless because the court reasonably concluded that the § 3553(a) factors did not warrant compassionate release. *See United States v. Wright*, __ F.4th __, No. 20-50361, 2022 WL 3009398, at *5-*6 (9th Cir. July 29, 2022) (holding that when a district court properly denies compassionate release on one ground, any error made at another step of the analysis is harmless). Although Little Owl had served a significant portion of his sentence, the district court did not abuse its discretion by giving more weight to the seriousness of the offense, and the need to promote respect for the law and protect the public. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C); *Wright*, 2022 WL 3009398 at *6.

**AFFIRMED.**