**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10169 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00140-TLN-EFB-1 |
| v. | |
| RAFAEL PAHUA-MARTINEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted January 18, 2023[**]

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

Rafael Pahua-Martinez appeals pro se from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court denied Pahua-Martinez's motion because the 18 U.S.C. § 3553(a) factors did not support the "drastic reduction" that Pahua-Martinez was seeking in requesting a time-served sentence. Pahua-Martinez now contends that the district court abused its discretion by limiting its consideration to whether he was entitled to a reduction to a time-served sentence and failing to consider a "lesser form of relief." As Pahua-Martinez concedes, however, he only requested a time-served sentence and did not seek a partial sentence reduction before the district court. The district court did not abuse its discretion by failing to consider relief that Pahua-Martinez did not request. Moreover, the district court reasonably concluded that release was unwarranted in light of the nature and circumstances of Pahua-Martinez's offense and his criminal history. *See Keller*, 2 F.4th at 1284.

Because we conclude that the district court did not abuse its discretion in its § 3553(a) analysis, we need not reach Pahua-Martinez's argument that the court erred when determining that he had not shown extraordinary and compelling reasons for release. *See United States v. Wright*, 46 F.4th 938, 947-48 (9th Cir. 2022) (any error by the district court in assessing whether defendant has extraordinary and compelling reasons "is harmless if the court properly relied on the 18 U.S.C. § 3553(a) sentencing factors as an alternative basis for its holding").

**AFFIRMED.**