**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10180 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00023-JAM-1 |
| v. | |
| KARI SONOVICH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Kari Sonovich appeals from the district court's order denying her renewed

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United*

*States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sonovich contends that the district court abused its discretion by concluding that (1) her caretaking responsibilities and medical conditions, coupled with the COVID-19 pandemic, did not constitute extraordinary and compelling reasons for release; and (2) compassionate release would undermine the 18 U.S.C. § 3553(a) factors. We disagree. The district court reasonably concluded that, because Sonovich was on home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, her circumstances did not rise to the level of extraordinary and compelling reasons for release, regardless of any inconveniences caused by her required programming under the CARES Act. Moreover, the court reasonably concluded that release after just 10 months would not adequately reflect the seriousness of the offense and would minimize the deterrent effect of her 27-month sentence. The district court did not abuse its discretion by denying relief. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

**AFFIRMED.**