**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10129 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00122-DKW-1 |
| v. | |
| PATRICK OPUNUI Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted March 14, 2023**

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Patrick Opunui Jr. appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see United*

*States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

  *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Opunui contends that he is entitled to compassionate release because his pre-existing medical conditions were exacerbated by a prior COVID-19 infection and the Bureau of Prisons has not provided—and is incapable of providing—adequate medical care. The record does not support this contention. Opunui did not show that his medical conditions were being inadequately managed by prison staff or were exacerbated by his COVID-19 infection; indeed, he had been vaccinated against COVID-19, he was offered a booster, and he was asymptomatic when he was infected. On this record, the district did not abuse its discretion in concluding that Opunui lacked extraordinary and compelling reasons for release. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

Insofar as Opunui contends that the district court should have considered his post-sentencing rehabilitation, he has not shown what rehabilitative steps he has taken. Moreover, in light of Opunui's offense conduct and criminal history, the district court did not abuse its discretion in concluding that the 18 U.S.C. § 3553(a) factors weighed against release.

**AFFIRMED.**