**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES HEAD,

Defendant-Appellant.

No. 22-10154

D.C. No. 2:08-cr-00093-KJM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 16, 2023[**]

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Charles Head appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Head contends that the district court erroneously determined that he lacked extraordinary and compelling reasons for relief. As Head concedes, however, the district court assumed without deciding that he made such a showing, and denied the motion based solely on its conclusion that the 18 U.S.C. § 3553(a) factors did not support relief. The district court's analysis was not improper. *See Keller*, 2 F.4th at 1284 (a district court may properly deny compassionate release on the basis of the § 3553(a) factors alone).

Head further contends that the § 3553(a) factors weigh in favor of release because his criminal history score has been lowered, his prison disciplinary history has been insignificant and his rehabilitative efforts extensive, and his sentence is much longer than those of his codefendants. We disagree. The district court did not abuse its discretion in concluding that, even though Head had made rehabilitative efforts and did not present a danger to the community, the nature and circumstances of his offenses, his unique leadership role in the two conspiracies, and the time remaining on his below-Guidelines sentence did not support compassionate release. *See Keller*, 2 F.4th at 1284; *see also United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (the district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**

2                                                                                     22-10154