NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2027 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00015-HDM-CLB -1 |
| v. | |
| RANDY MACARIO ANCHETA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted August 20, 2024[**]

Before:     S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

Randy Macario Ancheta appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ancheta argues that he presented extraordinary and compelling reasons for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

compassionate release, including that he is serving an unusually long sentence, has caretaking responsibilities, has suffered abuse in prison, and has rehabilitated. The district court concluded that, even if Ancheta had shown extraordinary and compelling reasons, the 18 U.S.C. § 3553(a) factors did not support relief given the violent nature of the underlying offenses. This was not an abuse of discretion. *See United States v. Keller*, 2 F.4th 1278, 1281, 1284 (9th Cir. 2021) (stating standard of review and explaining that a district court may deny compassionate release on the basis of the § 3553(a) factors alone); *see also United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (the district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record). Moreover, contrary to Ancheta's contention, the government's failure to make arguments regarding the § 3553(a) factors and Ancheta's rehabilitation did not require the district court to conclude that those factors weighed in Ancheta's favor.

**AFFIRMED.**