NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 24-5822, 25-1583 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00170-AN-1 |
| v. | MEMORANDUM[*] |
| JAMES ALBERT JACKSON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted August 19, 2025[**]

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

In these consolidated appeals, James Albert Jackson appeals pro se from the district court's orders relating to his motions for compassionate release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jackson contends that he is entitled to compassionate release because the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bureau of Prisons is not adequately treating his medical conditions. He further argues that the district court did not adequately consider or address his arguments for release.

Jackson failed to exhaust his administrative remedies before filing his fifth motion for compassionate release. The district court, therefore, correctly concluded that it lacked authority to address the motion. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1282-83 (9th Cir. 2021) (holding that exhaustion as to each basis for relief is mandatory).

The district court also did not abuse its discretion by summarily denying Jackson's second motion to reconsider the denial of his fourth compassionate release motion, which did not identify any basis for reconsideration. *See School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (stating standard of review and circumstances warranting reconsideration).

Jackson's motions to supplement the record are denied, *see Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) ("Save in unusual circumstances, we consider only the district court record on appeal."), and any remaining motions are denied as moot.

**AFFIRMED.**