NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. EDWARD PAUL ELLINGTON, Defendant - Appellant. | No. 25-4179 D.C. No. 6:17-cr-00010-BMM-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted January 22, 2026[**]

Before:     WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Edward Paul Ellington appeals from the district court's order denying his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ellington contends the district court failed to give appropriate weight to the evidence supporting his claim that his need to care for his ailing father justified compassionate release. The record does not support this assertion. The district court accepted that Ellington's father is incapacitated, but reasonably determined that Ellington had not established that he was "the only available caregiver." U.S.S.G. § 1B1.13(b)(3)(C). The court did not abuse its discretion in concluding that Ellington had not met his burden to show extraordinary and compelling circumstances. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

In any event, Ellington has not shown any abuse of discretion in the court's independent conclusion that the 18 U.S.C. § 3553(a) factors did not support relief. *See Wright*, 46 F.4th at 947. The district court reduced Ellington's sentence by 15 months in 2023, and it did not abuse its discretion in concluding that "granting a further sentence reduction would significantly undermine the seriousness of Ellington's offense and the goal of deterring him from continuing his criminal pattern." *See Keller*, 2 F.4th at 1284.

**AFFIRMED.**