NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>MARTIN CHAVEZ-ZARATE, AKA<br>Martin Zarate-Chavez,<br><br>        Defendant - Appellant. | No. 25-5742<br><br>D.C. No.<br>1:98-cr-05149-JLT-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted January 22, 2026[**]

Before:     WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Martin Chavez-Zarate appeals from the district court's order denying his

second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chavez-Zarate contends that the district court procedurally erred by failing to address his argument that he is subject to a sentencing disparity under 18 U.S.C. § 3553(a)(6) because he is not a citizen and therefore is ineligible for programs that could reduce his sentence. The record reflects, however, that Chavez-Zarate did not make this argument in the district court; instead, he argued that his non-citizen status was an extraordinary and compelling reason for compassionate release. *See United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021) (describing two-step analysis applicable to compassionate release motions). The court acknowledged that argument, as well as Chavez-Zarate's other asserted extraordinary and compelling circumstances, but denied the motion on the independent ground that the § 3553(a) factors did not support relief.

On this record, the district court did not err in failing to address whether Chavez-Zarate's non-citizen status resulted in an unwarranted sentencing disparity. *See United States v. Wright*, 46 F.4th 938, 950-52 (9th Cir. 2022). Moreover, the court adequately explained why the § 3553(a) factors did not support relief, *see id*. at 948-50, and did not abuse its discretion in reaching this conclusion, *see Keller*, 2 F.4th at 1284.

**AFFIRMED.**