**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEAN MANES,

Defendant - Appellant.

No. 25-2633

D.C. No.
2:22-cr-00001-SVW-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 22, 2026**

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Dean Manes appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

We need not resolve the parties' dispute as to the timeliness of the notice of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal because, even if the appeal is timely, the district court did not abuse its discretion in denying Manes's motion for compassionate release. *See United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (stating standard of review). Contrary to Manes's argument, the district court's adoption of the reasons stated in the government's opposition provides adequate explanation for its denial of Manes's motion. *See United States v. Wright*, 46 F.4th 938, 949-50 (9th Cir. 2022) (holding that the district court adequately explains the sentence if it "'set[s] forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority'") (quoting *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018)). Moreover, Manes has not shown any abuse of discretion in the court's conclusions that he lacked extraordinary and compelling reasons and that the 18 U.S.C. § 3553(a) factors did not support relief. *See* U.S.S.G. § 1B1.13(b)(1); *Keller*, 2 F.4th at 1284.

To the extent that Manes argues that the court should have reduced his sentence under Amendment 821 to the Guidelines, this claim fails because Manes's motion acknowledged that the Amendment alone did not reduce his Guidelines range, and he did not request relief under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(1), (b)(1).

**AFFIRMED.**