NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30230 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00034-TOR-1 |
| v. | |
| MICHAEL D. MILLER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Michael D. Miller appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion, *see United*

*States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Miller contends that the district court abused its discretion because it incorrectly concluded that he would be at equal risk from COVID-19 if he were released, gave insufficient weight to the health risks created by his incarceration, and improperly considered his rehabilitation separately from the 18 U.S.C. § 3553(a) factors. The record does not support Miller's claims. The district court correctly observed that Miller's medical conditions would exist even outside of prison and that COVID-19 continues to spread within the community. Moreover, it considered the risks posted by Miller's particular health conditions. It did not abuse its discretion in concluding that, because Miller's health conditions were stable and being monitored and treated, he had previously recovered from COVID-19, and he had received two doses of the vaccine, he had not shown extraordinary and compelling reasons for compassionate release. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Moreover, the court considered Miller's rehabilitative efforts and reasonably concluded that, though his efforts were commendable, they did not support compassionate release given the nature and circumstances of his offense and significant criminal history. *See Keller*, 2 F.4th 1284.

**AFFIRMED.**