**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10168 |
| Plaintiff-Appellee, | D.C. No. 1:11-cr-00479-JMS-1 |
| v. | |
| KENNETH SCOTT GORDON, AKA Sticks, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Kenneth Scott Gordon appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gordon contends that the district court erred because it considered his medical conditions individually, rather than in the aggregate, when it determined he had not demonstrated the required extraordinary and compelling reasons for relief. This argument is not supported by the record, which shows that the court considered each of Gordon's claimed medical conditions and agreed that several of them increased his risk from COVID-19. The court did not abuse its discretion in concluding that, notwithstanding Gordon's risk factors and age, his recovery from a prior COVID-19 infection and subsequent vaccination counseled against granting compassionate release. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Having properly concluded that Gordon had failed to demonstrate extraordinary and compelling reasons, the court was not required to determine whether compassionate release was consistent with the applicable 18 U.S.C. § 3553(a) factors. *See Keller*, 2 F.4th at 1284. Nor has Gordon shown that the Bureau of Prisons' decision to transfer him temporarily to home confinement means that the district court abused its discretion by declining to grant permanent compassionate release.

**AFFIRMED.**

21-10168