NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30248 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00113-JLR-1 |
| v. | |
| MICHAEL A. RILEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Michael A. Riley appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Riley contends that the district court erred by disregarding his heightened

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

vulnerability to COVID-19 and by improperly weighing the 18 U.S.C. § 3553(a) factors. Given the record before the district court, "as well as the deference we must afford the district court when it makes these discretionary decisions," we cannot conclude that the court abused its discretion. *See United States v. Keller*, 2 F.4th 1278, 1281, 1284 (9th Cir. 2021). The court considered all of Riley's arguments, including those regarding his serious health problems and rehabilitative efforts, and determined that they did not constitute extraordinary and compelling reasons for compassionate release in light of the Bureau of Prisons' treatment of his medical conditions, his age, his recovery from a prior COVID-19 infection, and his vaccination status.[1] The court further concluded that the § 3553(a) factors did not support relief, noting in particular the nature and circumstances of Riley's offenses and his serious and escalating criminal history. These conclusions were supported by the record, and were within the court's broad discretion. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion

---

[1] To the extent that Riley's briefs contain new factual allegations regarding a Centers for Disease Control and Prevention report supporting his claim that immunocompromised individuals are less protected by mRNA COVID-19 vaccines, we do not consider such facts on appeal. Riley remains free to raise such facts with the district court in any subsequent motion for compassionate release.

of the district court.").

**AFFIRMED.**