**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUL 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 21-30255 |
| | 21-30256 |
| Plaintiff-Appellee, | |
| | D.C. Nos. 3:05-cr-05823-RJB-5 |
| v. | 3:06-cr-05419-RJB-1 |
| MARKUS VERNON MOORE, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

In these consolidated appeals, Markus Vernon Moore appeals from the

district court's order denying his motion for compassionate release under 18

U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291.

Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2021), we affirm.

Moore contends that the district court abused its discretion in denying his motion because it rejected his sentencing disparity argument without fully analyzing whether his sentence was disparate from those imposed on his co-defendants. However, the court did engage in a disparity analysis, noting that Moore was unique because he was the shooter, he had two cases before the court, and he had an extensive criminal history. The court did not abuse its discretion in declining to give greater consideration to Moore's disparity argument. The court also reasonably concluded that Moore's other arguments in support of his motion were insufficient to warrant compassionate release. As the court explained, Moore had not shown that his sentence was excessive, and his remorse and rehabilitation had to be weighed against his "spotty prison infraction record." On this record, the court did not abuse its discretion in denying relief. *See id.* at 1284 (describing the deference afforded to a district court making discretionary decisions on § 3582(c)(1)(A)(i) motions).

The government's unopposed motion for judicial notice is granted.

**AFFIRMED.**