**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 17 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30014 |
| Plaintiff-Appellee, | D.C. No.<br>4:16-cr-00009-RRB-1 |
| v. | |
| BOBBY DEWAYNE THOMPSON II, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 8, 2022[**]
Anchorage, Alaska

Before: S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Defendant Bobby Dewayne Thompson, II, appeals from the district court's

order denying his motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. We review for

abuse of discretion, *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

Thompson contends that the district court abused its discretion by concluding that his medical conditions did not qualify as extraordinary and compelling reasons for release in light of the increased risk from the COVID-19 virus and emerging variants. The record reflects, however, that the district court fully reviewed Thompson's medical record and acknowledged that he has some serious medical challenges. The district court did not abuse its discretion in concluding that because Thompson previously recovered from COVID-19, received two doses of the vaccine, and is receiving medical care while in custody, he did not show extraordinary and compelling reasons for compassionate release. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

Thompson also contends that the district court abused its discretion in concluding that the 18 U.S.C. § 3553(a) factors did not support release because the court's determination was based on its erroneous finding that Thompson could not be better protected outside of the institution. The district court reasonably determined that the relevant factors in § 3553(a) weighed against release, notably referencing the serious nature of Thompson's conviction and his extensive criminal history, including his history of probation and supervised release violations. *See*

*United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**AFFIRMED.**