**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ANGELA MAXINE KILLEN,<br><br>Defendant-Appellant. | Nos. 22-30003<br>22-30004<br><br>D.C. Nos. 1:18-cr-00156-SPW-1<br>1:18-cr-00157-SPW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

In these consolidated appeals, Angela Maxine Killen appeals from the

district court's order denying her third motion for compassionate release under 18

U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291.

Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2021), we affirm.

Killen contends that the district court abused its discretion by concluding that she had not shown extraordinary and compelling reasons for relief. She argues that her purported eligibility for safety-valve relief under the First Step Act, as well as the severity of her medical conditions, justified compassionate release. The district court did not abuse its discretion in concluding otherwise. The court assumed Killen's safety-valve eligibility, but concluded that this was not an extraordinary and compelling reason for release because Killen was still "seeking a reduction greater than the 14-month difference between her actual sentence and the sentence she claims she would have received if she had qualified for the safety valve." Although the court expressed concern about Killen's medical conditions and treatment, it was not persuaded that they provided a reason to reduce her sentence given Killen's failure to show that her medical conditions would be resolved if she were released. The court's conclusions were reasonable and supported by the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Moreover, contrary to Killen's claim, the court adequately explained its reasons for denying her motion. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018).

We do not reach Killen's arguments regarding the 18 U.S.C. § 3553(a)

factors because the court permissibly declined to reach the § 3553(a) factors after concluding that Killen had failed to demonstrate extraordinary and compelling reasons. *See Keller*, 2 F.4th at 1284 ("[A] district court that properly *denies* compassionate release need not evaluate each step.").

**AFFIRMED.**