**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30089 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00152-RMP-1 |
| v. | |
| JASON C. YOUKER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Jason C. Youker appeals pro se from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court concluded that Youker had not shown extraordinary and compelling reasons for compassionate release because he did not have any medical conditions that put him at increased risk from COVID-19, and he had declined vaccination. On appeal, Youker does not challenge this conclusion, nor is there a basis to do so given the evidence in the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

To the extent Youker argues that the court should have treated his sentencing arguments as extraordinary and compelling reasons, the record reflects that the district court considered and reasonably rejected each of those arguments. It acknowledged that the First Step Act had lowered the applicable mandatory minimum, but correctly observed that the Guidelines range, and not the much lower mandatory minimum, had dictated his sentence. It further explained that the 18 U.S.C. § 3553(a) factors did not support release when Youker had not yet served even half of his sentence. In light of Youker's criminal history and offense conduct, the district court did not abuse its discretion in reaching this conclusion, which is alone enough to affirm. *See United States v. Wright*, 46 F.4th 938, 948 (9th Cir. 2022).

**AFFIRMED.**

22-30089