NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10116 |
| Plaintiff-Appellee, | D.C. Nos. 1:15-cr-00190-LEK-1 |
| v. | |
| TALANIVALU YGNACIO OLOTOA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 17, 2023[**]
Honolulu, Hawaii

Before:  BEA, COLLINS, and LEE, Circuit Judges.

Appellant Talanivalu Olotoa appeals the district court's denial of his second motion for sentence reduction.  The parties are familiar with the facts and procedural history, so we do not recite them here.  Reviewing for abuse of discretion, *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court concluded that Olotoa could not have qualified for the First Step Act's safety valve provision because Olotoa did not "truthfully provide[] to the Government all information and evidence the defendant ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" before sentencing. *See* 18 U.S.C. § 3553(f)(5).

The district court's conclusion is supported by the record. Olotoa's signed confession contained few details of his crimes. For example, Olotoa did not provide the names of his suppliers or other information about how he acquired the drugs that he shipped. Additional details not found in the confession were revealed at trial, including Olotoa's use of a code language to communicate with his co-conspirator.

Because the record demonstrates that Olotoa's confession was not complete and accurate, we cannot say that the district court's conclusion was "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Accordingly, the decision was not an abuse of discretion.

**AFFIRMED**