NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 1 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10312 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00529-DKW |
| v. | |
| SHAWN RODRIGUES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, Chief District Judge, Presiding

Submitted February 17, 2023**
Honolulu, Hawaii

Before:  BEA, COLLINS, and LEE, Circuit Judges.

Appellant Shawn Rodrigues appeals the district court's denial of his second motion for compassionate release.  The parties are familiar with the facts and procedural history, so we do not recite them here.  We review for abuse of discretion, *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam), and we

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

Consistent with what we later held in *United States v. Chen*, 48 F.4th 1092 (9th Cir. 2022), the district court here assumed that non-retroactive sentencing changes could constitute, in an appropriate case, an "extraordinary and compelling reason[]" justifying relief under § 3582(c)(1)(A). Specifically, the court recognized that, if Rodrigues were sentenced today, he would now be eligible—under the new 2018 sentencing provisions that are not retroactive—for a sentence of imprisonment below the previously applicable statutory mandatory minimum. But, again consistent with *Chen*, the district court concluded that this consideration did not give rise, in the circumstances of Rodrigues's case, to an extraordinary and compelling reason warranting a lower sentence. *See Chen*, 48 F.4th at 1100 (holding that, to warrant relief under § 3582(c)(1)(A), "the petitioning defendant still must demonstrate that [the relevant] non-retroactive changes rise to the level of 'extraordinary and compelling' in his individualized circumstances").

In the district court's view, to grant such relief to Rodrigues would result in a sentencing disparity with other similar pre-2018 defendants. Further, there were no "aggravating circumstances" about the length of Rodrigues's sentence that made it "extraordinarily unjust" to leave it in place. This case-specific judgment applied the correct legal standards and reached a reasonable conclusion in light of the record in this case. The district court therefore did not abuse its discretion in concluding that

2

Rodrigues had failed to carry his burden to show that a sentencing reduction under § 3582(c)(1)(A) was warranted.

**AFFIRMED**