NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50180 |
| Plaintiff-Appellee, | D.C. No. 2:03-cr-01257-RSWL-1 |
| v. | |
| DANNY FABRICANT, AKA Daniel Joseph Fabricant, AKA Danny Joseph Fabricant, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted March 14, 2023**

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Danny Fabricant appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see United*

*States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court concluded that, even if Fabricant had shown extraordinary and compelling reasons, the 18 U.S.C. § 3553(a) factors did not support relief. Fabricant argues that the district court abused its discretion in reaching this conclusion because it: relied too heavily on his non-violent criminal history; erroneously found that his age, health conditions, and release plan would not preclude him from committing new crimes if he were released; and gave insufficient weight to his sentencing disparity arguments, including the fact that his mandatory minimum would be 10 years, rather than life, if he were sentenced today. Given "the deference we must afford the district court when it makes these discretionary decisions," *see Keller*, 2 F.4th at 1284, we cannot conclude that the district court abused its discretion in finding that Fabricant's aggravating circumstances, including his very lengthy—if nonviolent—criminal history, outweighed the mitigating factors cited by Fabricant. Moreover, although the court did not address each of Fabricant's arguments, it adequately explained its decision to deny relief. *See United States v. Wright*, 46 F.4th 938, 948-53 (9th Cir. 2022).

In view of this conclusion, we do not reach Fabricant's arguments regarding the district court's extraordinary and compelling analysis. *See id.* at 948 (if the district court independently denies relief under § 3553(a), any error in assessing the other statutory requirements is harmless).

**AFFIRMED.**

21-50180