**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10240 |
| Plaintiff-Appellee, | D.C. No. 4:05-cr-00567-JSW-1 |
| v. | |
| SHAUN ROBERTS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted March 14, 2023**

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Shaun Roberts appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties dispute whether Roberts exhausted his administrative remedies

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

before filing the instant compassionate release motion. *See* 18 U.S.C. § 3582(c)(1)(A). We need not decide this issue because the district court did not abuse its discretion in concluding that, even if Roberts had met the exhaustion requirement, he was not entitled to relief. *See United States v. Keller*, 2 F.4th 1278, 1281, 1282 (9th Cir. 2021) (stating standard of review and holding that administrative exhaustion is not jurisdictional). Just three months before Roberts filed the instant motion, the district court granted an 18-year reduction in Roberts's sentence based on the changes to the stacking provisions of 18 U.S.C. § 924(c) made by the First Step Act. *See United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (holding that non-retroactive changes in sentencing law may provide an extraordinary and compelling reason under § 3582(c)(1)(A)(i)). Contrary to Roberts's contention, the district court reasonably concluded that none of the arguments offered in his subsequent motion provided a basis for a further reduction in his sentence. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**