NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30181 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00150-SPW-1 |
| v. | |
| CHANCE BILLY JOE DEHART, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 26, 2023**

Before: CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Chance Billy Joe Dehart appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Dehart contends that the district court improperly relied on U.S.S.G. § 1B1.13, and that he is entitled to compassionate release because his medical conditions put him at increased risk of severe complications from COVID-19, and the Bureau of Prisons ("BOP") is unable to protect him. He also argues that the district court failed to explain its decision adequately.

The record reflects that the district court treated § 1B1.13 appropriately. Moreover, the court reasonably concluded that, insofar as Dehart's medical records supported his claimed health concerns, his risk of serious illness from COVID-19 was mitigated by his vaccination. The record also supports the court's determination that Dehart had made an inadequate showing as to the BOP's alleged mismanagement of COVID-19 and his particular vulnerability to the virus. On this record, the district court did not abuse its discretion in denying relief. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018). Further, the court's explanation was adequate. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018).

We do not reach Dehart's arguments regarding the 18 U.S.C. § 3553(a) factors because the court permissibly declined to consider them after concluding that Dehart had failed to demonstrate extraordinary and compelling circumstances. *See Keller*, 2 F.4th at 1284.

**AFFIRMED.**