NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   23-10017 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00064-LEK-1 |
| v. | |
| RAPHAEL SAKARIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 3, 2023[**]
Honolulu, Hawaii

Before: BERZON, MILLER, and VANDYKE, Circuit Judges.

Raphael Sakaria appeals the district court's decision denying his motion for

sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

"We review 18 U.S.C. § 3582(c)(1) sentence reduction decisions for abuse of discretion." *United States v. Chen*, 48 F.4th 1092, 1094 (9th Cir. 2022). A district court abuses its discretion if it applies an incorrect legal standard or if its "application of the correct legal standard [is] (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Sivilla*, 714 F.3d 1168, 1173 (9th Cir. 2013) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)).

The district court did not abuse its discretion in denying Sakaria's motion for sentence reduction and compassionate release. Under section 3582(c)(1)(A), a district court may "reduce [a] term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (per curiam). In determining whether extraordinary and compelling reasons warrant a sentence reduction, "district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant." *Chen*, 48 F.4th at 1098. Here, the district court did just that. The court assumed that, had Sakaria been sentenced today, he would have received a sentence 10 to 12 months shorter than the sentence he is currently serving. The court concluded, however, that this did not amount to an extraordinary and

2

compelling reason under section 3582(c)(1)(A)(i), "especially given the nature and circumstances of [Sakaria's] offense that involved a significant drug trafficking conspiracy." That analysis was neither illogical nor implausible.

Sakaria argues that, once the district court assumed that he would have received a shorter sentence had he been sentenced today, the court had no choice but to grant his motion. In effect, Sakaria asks us to transform a non-retroactive change in sentencing law—which the district court *may* consider in its discretion— into a fully retroactive change that the district court *must* apply. But we have explained that "allowing defendants to petition for compassionate release, based in part on the sentencing disparities created by [a non-retroactive change in sentencing law], does not automatically make every defendant who received a . . . sentence [under the superseded law] eligible for a sentence reduction." *Chen*, 48 F.4th at 1100. Rather, where a defendant moves for compassionate release, "the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Id.* at 1095.

**AFFIRMED.**