NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FULGENCIO ARIAS, Jr., AKA Stomper,

Defendant - Appellant.

No. 23-942

D.C. No.
3:11-cr-00494-HZ-1
District of Oregon, Portland

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted October 10, 2023**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Fulgencio Arias, Jr., appeals pro se from the district court's order denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We

have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see*

*United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arias contends that he presented extraordinary and compelling reasons for compassionate release, including alleged changes in sentencing law, the "trial penalty" he purportedly received, and the challenging circumstances of incarceration. The district court thoroughly considered these issues, however, and reasonably concluded that none justified relief. As the court explained, Arias's trial and below-Guidelines sentence were fair, and there had been no change in law favorable to Arias since his sentencing.[1] The record supports the court's other findings as to Arias's health risks and the circumstances of his confinement.

Arias next argues that the court should have given greater weight to his rehabilitation and other mitigating factors when assessing the 18 U.S.C. § 3553(a) factors. The court reasonably concluded, however, that his positive changes were insufficient—when weighed against his disciplinary record and other § 3553(a) factors—to justify a modification to Arias's already below-Guidelines sentence.

On this record, the district court did not abuse its discretion in denying Arias's motion. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**

---

[1] Thus, even if the proposed amendment to U.S.S.G. § 1B1.13 on which Arias relies were in effect, it would have no impact on his case. To the extent Arias asks to stay this appeal pending enactment of the amendment, we deny that motion.

23-942