NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff-Appellee,<br><br>v.<br><br>GLAFIRO GONZALEZ,<br><br>       Defendant-Appellant. | No. 22-10354<br><br>D.C. No. 1:03-cr-05165-JLT-6<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted November 14, 2023**

Before:    SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

Glafiro Gonzalez appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United*

*States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gonzalez contends that the district court erred by failing to consider the combined force of his arguments and by relying on clearly erroneous facts. The record does not support these claims. The district court applied the correct legal standard and gave due consideration to Gonzalez's arguments. *See United States v. Wright*, 46 F.4th 938, 948-50 (9th Cir. 2022) (explaining the district court's procedural obligations in compassionate release proceedings). Moreover, the record supports the district court's conclusion that Gonzalez's sentence was tethered to his Guidelines range and the aggravating factors of his offense, rather than the mandatory minimum; the court's observations regarding Gonzalez's role in the underlying offense and the reasoning of the sentencing court were not clearly erroneous, *see United States v. Christensen*, 732 F.3d 1094, 1103 (9th Cir. 2013). On this record, the district court did not abuse its discretion in concluding that Gonzalez had failed to show that changes to mandatory minimum sentencing laws, or any of his other arguments, constituted an extraordinary and compelling reason for compassionate release. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**