**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIPE SOLIS-SANCHEZ, AKA Felipe
Solis,

Defendant - Appellant.

No. 23-521

D.C. No. 2:12-cr-00079-KJM-AC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 12, 2023[**]

Before:    WALLACE, LEE, and BUMATAY, Circuit Judges.

Felipe Solis-Sanchez appeals pro se from the district court's order denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We

have jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

Solis-Sanchez contends that the district court failed to consider his arguments for compassionate release, namely, that his sentence is "excessive and unjust" because the district court incorrectly calculated the drug quantity involved in his offense, and because his Guidelines range would be lower if he were sentenced today. The record shows, however, that the district court fully considered his arguments for release, and reasonably determined that Solis-Sanchez failed to offer any support or explanation for his conclusory assertion that the drug quantity attributed to him at sentencing was incorrect. On this record, the district court did not abuse its discretion by concluding that Solis-Sanchez failed to demonstrate extraordinary and compelling reasons for release. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record). Moreover, the court acted within its discretion in denying compassionate release on this basis alone. *See Keller*, 2 F.4th at 1284 ("a district court that properly *denies* compassionate release need not evaluate each step").

**AFFIRMED.**