NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> HUGO SANCHEZ-GONZALEZ, <br><br> Defendant - Appellant. | No. 24-6876 <br><br> D.C. No. 3:17-cr-02201-CAB-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted March 16, 2026[**]

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Hugo Sanchez-Gonzalez appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion,

*see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sanchez-Gonzalez contends the district court failed to consider recent developments in sentencing law and policy, relied on unsupported assumptions, and did not conduct an individualized sentencing analysis. To the extent these arguments go to the district court's determination that extraordinary and compelling circumstances were lacking, we do not reach them because Sanchez-Gonzalez has not shown any abuse of discretion in the district court's independent conclusion that the 18 U.S.C. § 3553(a) factors did not support relief. *See United States v. Wright*, 46 F.4th 938, 948 (9th Cir. 2022) (any error in assessing extraordinary and compelling circumstances is harmless if the district court properly relies on the § 3553 factors as an alternate basis to deny relief). Contrary to Sanchez-Gonzalez's argument, the district court adequately explained that the seriousness of his offense and the "devastating" nature of the drugs involved weighed against a sentence reduction. *See id.* at 948-49. Moreover, on the record presented, the district court's conclusion is not illogical, implausible, or without support in the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018).

**AFFIRMED.**

24-6876