NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 7 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>D'ANGELO DOMINICO DAVIS, AKA Deangelo Domingo Davis,<br><br>Defendant - Appellant. | No. 25-4976<br><br>D.C. No.<br>2:98-cr-00114-KJM-AC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

D'Angelo Dominico Davis appeals pro se from the district court's orders

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and

subsequent motion for reconsideration. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (compassionate release); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (reconsideration), we affirm.

Davis contends the district court erred by failing to determine whether extraordinary and compelling reasons exist to reduce his sentence. Contrary to Davis's argument, the court was not required to address his claim of extraordinary and compelling circumstances. *Keller*, 2 F.4th at 1284 (compassionate release may be denied based on 18 U.S.C. § 3553(a) factors alone). In denying Davis's prior motions for compassionate release, the district court concluded that the § 3553(a) factors—specifically, the nature of the offense, Davis's criminal and prison disciplinary history, his inadequate release plan, and the danger he poses to the community—did not support relief. The court did not abuse its discretion in denying Davis's latest motion because he did not present any new information that "altered the balance" of those sentencing factors. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record). Nor did Davis show any valid basis for reconsideration. *See Sch. Dist. No. 1J*, 5 F.3d at 1263.

**AFFIRMED.**

25-4976